JOHN KERR

*v.*

HENRY S. LITTLE, receiver &c.

The complainant made a contract with the receiver of a railroad (the defendant's predecessor) to remove the coal, ashes and cinders from a specified ash-pit on the railroad, and to have therefor the coal, ashes and cinders so removed. He alleges that the former receiver refused to allow him to perform the contract, and that he thereby sustained great damage.—*Held*, on demurrer, that this court would entertain jurisdiction of the suit, on the ground that the contract having been made with a former receiver, the present receiver (the defendant) cannot be sued thereon at law, and the claim is against the trust funds of the railroad company, which are still under the control of this court.

Bill for relief. On general demurrer.

*Mr. B. Williamson,* for demurrant.

*Mr. A. A. Clark,* for complainant.

THE CHANCELLOR.

This is a suit in equity for damages for the breach of a contract made by the late receiver of the Central Railroad Company of New Jersey, Francis S. Lathrop, deceased, with the complain-

ant. The defendant has filed a general demurrer. If the principle laid down in *Palys* v. *Jewett, 5 Stew. Eq. 302,* extends to this case, it is manifest that the bill must be dismissed. It was there authoritatively held that this court has no jurisdiction to determine the question as to the liability of a receiver for damages for injury sustained through the negligence of his employees in the management of the trust property (in that case a railroad train), because this court cannot assess the damages, that power being exclusively within the jurisdiction of the courts of law. This is a mere claim of damages of a character clearly within the jurisdiction of the legal tribunals. The ground of the complaint is that the late receiver contracted with the complainant for the daily removal by the latter, for a year, of the coals, ashes and cinders (from the locomotive engines) from an ash-pit at a railroad junction on the Central railroad, in consideration whereof the complainant was to have such coals, ashes and cinders, and that before the end of the year the receiver refused to permit the complainant to remove them, by reason of which refusal the complainant sustained injury by being deprived of the coals and cinders. The claim is, as before remarked, of a character cognizable in the courts of law; but the complainant alleges (and truly) that he is without remedy at law. He cannot maintain an action against the present receiver on the contract, for he did not make it. It is obvious that to turn the complainant over to the courts of law for redress would be a denial of justice. But that consideration would not be enough of itself to give jurisdiction to equity, for if this court cannot determine the liability and assess the damages, whatever the hardship, it can give no relief. There is a ground on which, giving full scope to the decision in *Palys* v. *Jewett,* this bill can, in my opinion, be maintained. Assuming, as we may, that the allegation of the bill, that the complainant is without legal remedy, is true, the fact that he has a claim upon the trust estate still under the control of this court, entitles him to redress here. In the case in hand the contract was neither made nor broken by the receiver in person, but was both made and broken by his subordinates, who had charge of the matter. When damages are sustained by reason of the

negligence of a receiver's employees, without personal fault on his part, in matters necessarily or properly committed to them in the management of the trust property, as, for example, in operating railroads, the damages which may arise from the negligence or misconduct of such employees, without his participation therein, are, as between the receiver and the trust estate, to be paid, not by him out of his own money, but out of the trust property. If this is the rule as to torts, it must be equally so also in regard to contracts. Where the receiver's subordinates enter into a contract in the course of their management of the business entrusted by him to them, and damages arise from their breach thereof, those damages, as between the receiver and the trust estate, are to be paid out of the latter. Suits for damages in either of the cases named are to be regarded as in the nature of proceedings *in rem* against the trust estate.

In *Davis* v. *Duncan, receiver* (*U. S. C. C.*), *23 Law Reg.* (*N. S.*) *582*, it was held that the discharge of a receiver of a corporation by the court, and the restoration of the property to the corporation, without any reservation of jurisdiction as to existing rights of action, discharges the receiver and the property from liability to suit for injuries inflicted through the negligence of agents or employees of the receiver. Were the complainant in this suit to bring suit at law against the late receiver's executors to recover the damages which he claims, it is most manifest that they would, if the action could be maintained against them, have recourse to equity to protect his estate against being compelled to pay the damages, and that equity would protect it accordingly. Unless this be so, who would accept an appointment to the office of receiver of a great business corporation, especially a railroad company, and be liable in his own estate for the consequences of the neglect and misconduct of his numerous employees, in whom he must necessarily confide in the discharge of duties and the transaction of business of the trust, which it is impossible for him to do himself, or even to superintend? In *Palys* v. *Jewett*, the appellate court found a *scintilla* of jurisdiction for equity in the fact that it is necessary to ask its leave to bring an action at law against the receiver, and that such per-

mission had been sought and denied, and the parties had thereupon submitted themselves to the jurisdiction of this court. In this case, where there is no remedy at law, and the complainant prays relief from this court in view of that fact, and on the ground that it has control over the trust fund, and can pay him his damages therefrom, I cannot but conclude that this court has jurisdiction. Of course it will be its duty in every such case to see whether the contract was such a one as this court, having regard to the interest of the trust, and the extent of the power of the receiver to bind it, would have enforced had the complainant applied for the purpose when it was broken, and if it finds it to have been such, and that the breach was without adequate excuse, it will do in the premises what equity and good conscience require. *Lewin on Trusts 415.* The bill states that the defendant, Henry S. Little, succeeded Francis S. Lathrop in the trust, and charges that he is answerable for the damages in question, and should be required by this court to pay them. By the decree of this court by which part of the property was turned over to the company, jurisdiction was retained over the corporation and the receiver and the property of the company, and otherwise to (among other things) enforce the payment, satisfaction or discharge of all the debts and liabilities of the receivership, and to protect the receiver and the receivership against all debts, claims and liabilities of every character connected with the receivership, and to determine and close up fully and finally all matters connected with the trust; and all those debts and liabilities were charged upon the whole property of the corporation, and it was declared that they should be and remain a lien thereon until paid, satisfied or discharged, as against the receiver or receivership. That decree is indeed not pleaded, but from what was said on the submission of the cause for decision, it is proper to take it into consideration. But further, looking at the contents of the bill merely, it is charged that the receiver is answerable for the damages, and it does not appear that the trust property has been discharged from liability for the obligations of the receivership. The averments are rather to the contrary. The demurrer will be overruled, with costs.